James A. Fitzgerald, Esq. Town Attorney, Stony Point
You have asked whether your town can adopt an ordinance under the authority of section 121-b of the General Municipal Law. This section would permit movie theaters to admit children under 16 years of age unaccompanied by an adult but only under certain restrictions. You have also asked whether section 260.20 (1) of the Penal Law can be enforced against a theater operator who admits children under 16 unaccompanied by an adult.
Section 121-b was designed to permit a municipality to make an exception to the cited penal provision. (To the same effect, see General City Law, § 18-b.) That is, if the city, town, or village authorized admission of children under the restrictions required, the theater operator would not be in violation of section 260.20(1). Unfortunately, section 121-b is conditioned on the showing only of films that have been licensed by the Department of Education (Education Law, § 122). The Department of Education no longer licenses motion pictures, the Court of Appeals having held that the licensing process as contained in the Education Law violates the Fourteenth Amendment of the United States Constitution (Matter of Trans-Lux Distributing Corp. v Board of Regents, 16 N.Y.2d 710
[1965]). Since the condition giving rise to the legislative exception to the penal provision no longer obtains, a municipality has lost the power to use the exception.
Section 260-20 (1) of the Penal Law makes it unlawful for a person who is an "owner, lessee, manager or employee of a * * * motion picture theatre * * * [to permit] a child less than sixteen years old to enter or remain in such place unless:
 (a) The child is accompanied by his parent, guardian or an adult authorized by a parent or guardian; or
 (b) The entertainment or activity is being conducted for the benefit or under the auspices of a non-profit school, church or other educational or religious institution; or
(c) Otherwise permitted by law to do so; * * *"
(In the case of movie theaters, "otherwise permitted by law" refers to the exceptions discussed above.)
There is no indication in the few reported cases involving movie theaters or in any of the cases involving other places to which unaccompanied children are not to be admitted that the constitutionality of section 260.20 or its predecessor has been questioned. Under these circumstances it is our policy not to offer advice on the constitutionality of a State statute. In part this is to protect the presumption of constitutionality that the Legislature enjoys in legislating. In part this is in recognition of the duty of the Attorney General to defend the constitutionality of State statutes (Executive Law, § 71; see 1978 Op Atty Gen 7).
We conclude that section 121-b of the General Municipal Law — and section 18-b of the General City Law — are no longer usable to control the admission of children to movie theaters. We do not pass on the constitutionality of section 260.20 (1) of the Penal Law.